RE: REQUEST FOR OPINION REGARDING LIABILITY OF FEDERAL GOVERNMENT FOR GREATER EXPENSE OF REPAIRS AT HISSOM MEMORIAL CENTER DUE TO FEDERAL COURT ORDER.
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER REQUESTING AN OPINION ON THE POSSIBLE LIABILITY OF THE FEDERAL GOVERNMENT FOR THE GREATER EXPENSE OF REPAIRS AND MAINTENANCE OF THE HISSOM MEMORIAL CENTER RESULTING FROM THE FEDERAL COURT'S ORDER PROHIBITING FURTHER CAPITAL CONSTRUCTION OR RENOVATION WITHOUT ADVANCE APPROVAL FROM THE COURT. IN LIGHT OF THE LAW MAKING JUDGES ABSOLUTELY IMMUNE FOR ACTIONS TAKEN IN THEIR JUDICIAL CAPACITY, OUR OFFICE HAS ELECTED TO RESPOND INFORMALLY RATHER THAN BY FORMAL OPINION.
IT IS NOW WELL ESTABLISHED THAT JUDGES ACTING IN THEIR JUDICIAL CAPACITIES ARE ABSOLUTELY IMMUNE FROM SUIT. THAT IS, A LAWSUIT FOR DAMAGES AGAINST A JUDGE ACTING IN HIS OR HER JUDICIAL CAPACITY CANNOT EVEN BE MAINTAINED AND IS SUBJECT TO IMMEDIATE DISMISSAL. FOR INSTANCE, ONE OF THE MOST EGREGIOUS EXAMPLES OF JUDICIAL CONDUCT WHICH WAS GRANTED ABSOLUTE IMMUNITY AROSE IN STUM V. SPARKMAN, 435 U.S. 349,98 S.CT. 1099, 55 L.ED.2D 331 (1978) IN WHICH A JUDGE APPROVED THE SEXUAL STERILIZATION OF A MENTALLY RETARDED GIRL WITHOUT GIVING NOTICE AND AN OPPORTUNITY TO RESPOND AND WITHOUT EVEN OPENING A FORMAL CASE FILE. IN ANOTHER EXAMPLE, A RECENT CASE DEFENDED BY OUR OFFICE, THE U.S. COURT OF APPEALS FOR THE TENTH CIRCUIT STATED:
 "WE HOLD THAT NO ATTORNEY, CHARGED WITH THE RESPONSIBILITY OF READING THE SUPREME COURT'S DECISION IN STUM V. SPARKMAN, 435 U.S. 349, 98 S.CT. LOSS, 55 L.ED.2D 331 (1978), AND OUR OPINION IN VAN SICKLE V. HOLLOWAY, 791 F.2D 1431 (10TH CIR. 1986), COULD BELIEVE THAT ABSOLUTE JUDICIAL IMMUNITY WOULD NOT BAR THE ACTION AGAINST JUDGE COOK. THEREFOR THE DISTRICT COURT PROPERLY DISMISSED THE ACTION AGAINST THE STATE COURT JUDGE AND DID NOT ABUSE ITS DISCRETION IN IMPOSING SANCTIONS AND ASSESSING ATTORNEY FEES."
CRABTREE V. MUCHMORE, 904 F.2D 1475, 1477 (10TH CIR. 1990) (EMPHASIS ADDED). THUS, JUDICIAL IMMUNITY IS SO WELL ESTABLISHED THAT THOSE SEEKING DAMAGES AGAINST A JUDGE IN HIS OR HER JUDICIAL CAPACITY ARE SUBJECT TO SANCTION, AND, AS A PRACTICAL MATTER, THERE IS NO RECOURSE FOR THE STATE TO RECOVER ADDITIONAL COSTS OF MAINTENANCE RESULTING FROM THE FEDERAL COURT'S ORDER.
OUR OFFICE SHARES YOUR EVIDENT CONCERN THAT TAXPAYERS' MONEY MAY HAVE BEEN WASTED IN THE IMPLEMENTATION OF SOME PHASES OF THE HOMEWARD BOUND COURT ORDER. THE PUBLIC OUTCRY OVER BILLINGS BY SOME HISSOM PROVIDERS HAS CAUSED THE COURT ITSELF TO INSTITUTE A MORE ACCOUNTABLE SYSTEM. HOPEFULLY THIS SYSTEM WILL IMPROVE ACCOUNTABILITY IN THE FUTURE. HOWEVER, BECAUSE THE ADDITIONAL COSTS REFERRED TO IN YOUR LETTER AROSE BECAUSE OF A COURT ORDER, RATHER THAN A TORT OF A FEDERAL GOVERNMENT EMPLOYEE OR A BREACH OF CONTRACT BY A FEDERAL AGENCY, THE STATE MAY NOT RECOVER FROM THE FEDERAL GOVERNMENT.
(ROBERT A. NANCE)